UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANSOOR RAZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-4196 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| CROWDSTRIKE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

When plaintiff's employment was terminated shortly before his stock options were scheduled to vest, he filed in the Circuit Court of Kane County a complaint for breach of his employment agreement. Defendant removed the case[1] and now moves either to dismiss for failure to state a claim or to compel arbitration. For the reasons set forth below, the Court grants in part and denies in part defendant's motion.

**I.  Background**

Defendant Crowdstrike, Inc. ("Crowdstrike") recruited plaintiff Mansoor Raza ("Raza") to work as a software engineer.[2] Specifically, on January 30, 2019, defendant sent plaintiff an offer of employment, which plaintiff signed. That document stated, among other things, that

---

[1] The Court has diversity jurisdiction over this case, because the amount in controversy exceeds $75,000.00. [Notice of Removal ¶ 5/Docket 1 ¶ 5]. Plaintiff is a citizen of Illinois [Docket 1 ¶ 7], while defendant is a citizen of Delaware (its State of incorporation) and California (the location of its principal place of business) [Docket 1 ¶ 7].

[2] These facts are from plaintiff's complaint, the attachments thereto and the attachments to defendant's motion. Where the facts are disputed on a motion to compel arbitration, the Court may conduct a trial before a jury or hold an evidentiary hearing. *See Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 751 (7th Cir. 2017). Here, the facts related to the motion to compel arbitration are not disputed.

plaintiff would need to agree to an at-will employment agreement that would include an arbitration provision. (Plaintiff subsequently signed such an at-will employment agreement.) The January 30, 2019 document also stated that, if plaintiff joined Crowdstrike, it would recommend to the Board that the Board approve plaintiff's stock options, which would begin to vest one year after plaintiff commenced employment. Roughly six weeks before plaintiff reached the one-year mark, defendant terminated his employment.

The at-will employment agreement that plaintiff signed in February 2019 stated, among other things:

> **11. ARBITRATION AND EQUITABLE RELIEF**
>
> A. *Arbitration*. In consideration of my employment with the company, its promise to arbitrate all employment-related disputes and my receipt of the compensation, pay raises, and other benefits paid to me by the company, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone . . . *arising out of, relating to, or resulting from my employment with the company or the termination of my employment with the company, including any breach of this agreement*, shall be subject to binding arbitration. . . .
>
> B. *Procedure*. I agree that any arbitration will be administered by Judicial Arbitration & Mediation Services, Inc. ("JAMS")[.] . . . I agree that the arbitrator shall have the power to decide any motions brought by any party to the arbitration, including motions for summary judgment and/or adjudication, and motions to dismiss, applying the standards set forth under the Civil Procedure laws of the State in which I am (or was last) employed. . . .

(At-Will Agreement at 7-8/Docket 4-2 at 8-9) (emphasis added).

After defendant terminated plaintiff's employment, plaintiff filed suit in the Circuit Court of Kane County, asserting that the termination was a breach of the employment agreement. Defendant removed the case and now moves to dismiss for failure to state a claim or, in the alternative, to compel arbitration.

**II.     Discussion**

The Federal Arbitration Act provides that if a federal court is "satisfied that the issue involved" in a suit before it is "referable to arbitration" under "an agreement in writing for such arbitration," then that court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]"  9 U.S.C. § 3.

"The Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms."  *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1412 (2019) (citing 9 U.S.C. § 2).  It "was originally enacted, 'to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts.'"  *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citation omitted).  To compel arbitration, "a party need only show:  (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration."  *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).  The burden is on the party seeking to compel arbitration to show arbitration is the appropriate venue.  *See A.D. v. Credit One Bank, NA*, 885 F.3d 1054, 1062 (7th Cir. 2018) ("[A]s the party seeking to compel arbitration, [defendant] had the burden of showing that [plaintiff] was bound by the cardholder agreement.").

Here, it is obvious from the language of the arbitration provision (which requires arbitration of claims "arising out of, relating to, or resulting from [plaintiff's] employment with the company or the termination of [plaintiff's] employment with the company, including any breach of this agreement") that plaintiff's claim (in which he alleges defendant breached the

3

January 2019 document by terminating his employment) falls within the scope of the arbitration provision. Plaintiff concedes as much and agrees that the case should be arbitrated.

Defendant, though, seems to think this Court should, before compelling arbitration, consider defendant's motion to dismiss for failure to state a claim. The Court disagrees (as does the plaintiff). Such merits decisions are left to the arbitrator. *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 529 (2019) ("We have held that a court may not 'rule on the potential merits of the underlying' claim that is assigned by contract to an arbitrator, 'even if it appears to the court to be frivolous.'") (citing *AT&T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643, 649-650 (1986)). Furthermore, this arbitration provision specifically grants to the arbitrator the power to consider motions to dismiss. (Docket 4-2 at 9) ("I agree that the arbitrator shall have the power to decide any motions brought by any party to the arbitration, including . . . motions to dismiss"). This Court must enforce the parties' choice as to the scope of arbitration. *See, e.g., Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010).

Accordingly, the Court finds that this case is within the scope of the arbitration agreement. Thus, pursuant to 9 U.S.C. §§ 3 & 4, the Court compels arbitration and stays the case pending arbitration. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("As this Court has noted on numerous occasions, 'the proper course when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.'") (citations omitted).

### III.     Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendant's motion [4].  The Court compels arbitration.  This case is stayed pending arbitration.  The parties are to file a report on the status of the arbitration on or before July 11, 2022.

**SO ORDERED.**                                                                  ENTERED: December 13, 2021

_____
**HON. JORGE ALONSO
United States District Judge**